FILED

2016 Dec-21  AM 08:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |
|---|---|
| JONATHAN RODRIGUEZ, on behalf of himself and all others similarly situated, | Civ. No. |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT |
| | (Trial by Jury Demanded) |
| THE KROGER CO. | |
| Defendant. | |

Plaintiff Jonathan Rodriguez, on behalf of himself and all others similarly situated, files this Class Action Complaint against The Kroger Co. ("Kroger" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), brought on behalf of applicants for employment with Kroger, a supermarket chain. Plaintiff contends that Kroger systematically violates section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment actions without, beforehand, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

2.    The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of

due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Kroger.  This action involves Kroger's systematic violations of those important rules.

3.    Plaintiff was denied employment as a meat clerk at a Kroger's store in Madison, Alabama based upon a standardized background screen conducted by General Information Services, Inc. ("GIS") pursuant to an agreement between GIS and Kroger whereby GIS performs a standardized background screen on all of Kroger's candidates for hire or promotion.  GIS adjudicated Plaintiff as not eligible for the job based upon the purported existence of multiple felony charges and convictions.  These crimes, however, do not belong to Plaintiff.

4.    In violation of the FCRA, Kroger failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report they obtained from GIS, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3).  Every year, individuals who have applied to Kroger for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and classes of similarly situated employment applicants for whom Kroger failed to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

## PARTIES

6.    Plaintiff Jonathan Rodriguez is a "consumer" as protected and governed by the FCRA, and resides in Madison, Alabama.

7.    Defendant Kroger is a supermarket chain that regularly conducts business in the State of Alabama and has a principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202.

## JURISDICTION AND VENUE

8.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9.      Venue is proper in this Court because Kroger can be found in this District.   28 U.S.C. § 1391(b)(3).  Defendant regularly sells its products and services in this District.

### STATEMENT OF FACTS

### Background:  Defendant's Use of GIS' Background Screening Reports

10.      GIS is among the largest of the nation's employment background screening companies, *i.e.,* those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to prospective employers and employers.

11.      GIS reviews public records and private databases and assembles and/or maintains consumer files which contain information concerning, among other things, the alleged criminal, credit and employment history of individuals.

12.      From its files, GIS sells background consumer reports to potential employers (such as Defendant) wishing to screen applicants for employment.  According to its website, GIS "is one of the oldest and largest background screening providers in the nation." http://www.geninfo.com/our-company.asp

13.      Kroger uses GIS' screening services to conduct background checks on applicants for employment.  The background reports resulting from these services are delivered directly to Kroger.

14.      Under the FCRA, a "user" of a consumer report, such as Kroger, who intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer job applicant,

and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).

15.     The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the consumer job applicant that he or she is about to experience an adverse action, such as a rejection, based on a report's contents, and to provide him or her an opportunity to challenge the accuracy, completeness or relevancy of the information with the consumer reporting agency or the user *before* that job prospect or job is lost.

**The Facts Pertaining to Class Representative Plaintiff Jonathan Rodriguez**

16.     Plaintiff Jonathan Rodriguez applied for employment with Kroger on or about May 7, 2016.

17.     Mr. Rodriguez interviewed in person for the position on or about May 11, 2016 with Kroger.

18.     Following the interview, Mr. Rodriguez was offered the job that same day and he accepted.

19.     Mr. Rodriguez began training for the position of meat clerk on or about May 25, 2016.

20.     After three days of training, on or about May 30, 2016, Mr. Rodriguez's employment with Kroger was terminated because of information on his GIS background report procured by Kroger.

21.     On or about May 31, 2016, Mr. Rodriguez contacted Kroger to request a copy of the background report Kroger procured about him.  Mr. Rodriguez was informed that he would have to wait until the store manager returned from vacation on June 6, 2016.

4

22.     The background report provided by GIS to Kroger reported Middlesex County, New Jersey criminal charges and convictions for first degree murder (felony), conspiracy to commit murder (felony), second degree unlawful possession of weapons – handgun (felony), second degree possession of weapon for unlawful purposes – firearm (felony) second degree aggravated assault attempt/cause serious bodily injury purposely/knowing/recklessly (felony), second degree conspiracy/possession of weapon for unlawful purposes – firearm (felony), third degree hinder apprehension of second degree offense (felony), third degree manufacturing or distributing controlled dangerous substance (felony) and third degree controlled dangerous substance distribute on or near school property (felony).

23.     All the criminal record history reported by GIS to Kroger was inaccurate.  Mr. Rodriguez is not the perpetrator of these crimes and has never visited or lived in New Jersey.

24.      Kroger terminated Plaintiff's employment based upon the GIS consumer report, which adjudicated Mr. Rodriguez as being not eligible for employment with Kroger.

25.     Kroger adopted GIS' adjudication as their own without any further process being provided to Mr. Rodriguez and took adverse action against Plaintiff based upon that adjudication.

26.     The GIS report provided grading indicating Plaintiff's eligibility was on "Hold" along with the appearance of a derogatory flag, which made Plaintiff ineligible for immediate hire.

27.     The negative adjudication of Plaintiff's application occurred prior to Plaintiff being notified in writing of that fact and prior to Plaintiff being provided with a copy of the report or any meaningful opportunity to dispute it.  In doing so, Defendant failed to comply with the FCRA's pre-adverse action notification requirements.

28.     As a direct result of Defendant's unlawful adoption and use of the GIS consumer report and GIS' adjudication of Mr. Rodriguez's employment application, Mr. Rodriguez lost the job at Kroger.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

> (a) All applicants for employment with Kroger or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a consumer report that was used by Kroger and/or its subsidiaries to take an adverse employment action regarding such applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Kroger and/or its subsidiaries failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights at least five business days before it took such adverse action.

> (b) All applicants for employment with Kroger or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a consumer report that was requested by Kroger and/or its subsidiaries which contained a grade of "hold" and or a grade reflecting a derogatory flag, within five years prior to the filing of this action and extending through the resolution of this case.

30.     Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

31.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant procures and uses hundreds if not thousands of consumer reports on applicants for employment each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

32.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R.**

CIV. P. 23(a)(2).  Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

       (a)     Whether Defendant failed to provide each applicant for employment a copy of their consumer report at least five business days before Defendant took adverse action based upon the consumer report;

       (b)     Whether Defendant failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Defendant took adverse action based upon the consumer report;

       (c)     Whether Defendant acted willfully or negligently in disregard of the rights of employment applicants in their failure to permit their employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

33.    **Typicality.  FED. R. CIV. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

34.    **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Classes.  His interests are aligned with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

35.    **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members,

and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them.  Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I

### Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3)

### (On behalf of Plaintiff and Classes)

36.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

37.     Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

38.     The GIS report ordered by Defendant is a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

39.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights

under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

40.     For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee."  15 U.S.C. § 1681a(k)(1)(B)(ii).

41.     Defendant Kroger is a "person" and regularly uses background reports for employment purposes.  15 U.S.C. § 1681a(b).

42.     The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

43.     Defendant willfully and negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Classes the following before using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A.     An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.     An award of statutory, actual and punitive damages for Plaintiff and the Classes;

C.     An award of statutory, actual and punitive damages for Plaintiff individually;

D.     An award of pre-judgment and post-judgment interest as provided by law;

E.     An award of attorneys' fees and costs; and,

F.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests and demands a trial by jury.

Respectfully submitted,

Dated: December 20, 2016          BY:     _/s/ Micah S. Adkins_____

THE ADKINS FIRM, P.C.
MICAH S. ADKINS
301 19th Street North, Suite 581
Birmingham, AL 35203
T: 205.206.6718
F: 205.208.9632
E: MicahAdkins@ItsYourCreditReport.com

FRANCIS & MAILMAN, P.C.
JAMES A. FRANCIS (*pro hac vice forthcoming*)
JOHN SOUMILAS (*pro hac vice forthcoming*)
LAUREN BRENNAN (*pro hac vice forthcoming*)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
E: lbrennan@consumerlawfirm.com